# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **CLARENCE EVERETT** | **CIVIL ACTION NO. 09-0399** |
| **LA. DOC #82290** | **SECTION P** |
| **VS.** | |
| | **JUDGE ROBERT G. JAMES** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Pro se petitioner Clarence Everett filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 9, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his October 6, 1969, conviction for first degree murder in the Fifth Judicial District Court, Richland Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

On September 3, 1969, the Richland Parish Grand Jury indicted petitioner on a charge of First Degree Murder. [rec. doc. 1-4, pp. 1-2] On October 6, 1969, petitioner pled guilty to First Degree Murder Without Capital Punishment and, in accordance with the statute, he was sentenced to life imprisonment. [rec. doc. 1-4, p. 3] Petitioner did not appeal.[1]

On September 8, 1978, petitioner filed an application for writ of *habeas corpus* in the

---

[1] Petitioner claims that he appealed his conviction [rec. doc. 1, ¶9], however, he is mistaken. The information supplied by his petition refers to his application for writs of certiorari and review filed in the Louisiana Supreme Court following the Fifth Judicial District Court's judgment denying petitioner's application for writ of habeas corpus.

Fifth Judicial District Court alleging that he was not properly advised of his constitutional rights, that he did not understand his rights, and that he did not intelligently and knowingly waive those rights. [rec. doc. 1, ¶¶10-11; see also "Statement of the Case" at rec. doc. 1-3, p. 8]

On February 14, 1979, a hearing was convened in the Fifth Judicial District Court. [rec. doc. 1,-4, pp. 9-35] On March 2, 1979, the trial court denied relief and authored written reasons for judgment. [rec. doc. 1-4, pp. 4-7]

On some unspecified date petitioner sought review in the Louisiana Supreme Court. On September 5, 1979, his application for writs was denied. *State of Louisiana v. Clarence Everett*, 374 So.2d 674 (La. 9/5/1979). [see also rec. doc. 1-4, p. 8] Petitioner apparently did not file any other post-conviction or collateral attacks on his conviction.

Petitioner signed his federal petition for writ of *habeas corpus* on December 3, 2008. [rec. doc. 1, p. 14] The pleadings were mailed to the Court on March 5, 2009, [rec. doc. 1, p. 16] and received and filed on March 9, 2009. Petitioner argues that his guilty plea was not knowing and voluntary because the trial court failed to advise him of his constitutional rights prior to accepting his plea. He also implies that his ostensibly late filing should be excused because of his ignorance of the law and his recent discovery that he had the right to seek federal *habeas corpus* review. [rec. doc. 1, ¶18]

*Law and Analysis*

*1. AEDPA Limitations and the "Grace Period"*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C.

§2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Everett, whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*.

---

[2] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from any other event as provided in subsections (B), (C), or (D) of §2244(d)(1). He does not claim the existence of any state created impediments which inhibited him from filing his federal petition. He does not suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Finally, he does not claim that the factual predicate of his claim was only recently discovered.

If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

Petitioner's judgment of conviction and sentence became final in 1969. Since his conviction became final prior to the April 1996 effective date of the AEDPA, petitioner must be afforded the one-year grace period. According to the available evidence, plaintiff's post-conviction attack on his guilty plea and conviction remained pending between September 8, 1978, the date he filed his petition for writ of habeas corpus in the Fifth Judicial District Court and September 5, 1979, the date his application for writs was denied by the Louisiana Supreme Court. *State of Louisiana v. Clarence Everett*, 374 So.2d 674 (La. 9/5/1979). Since petitioner's post-conviction attack was pending prior to the effective date of the AEDPA, he is unable to invoke the statutory tolling provisions of §2244(d)(2). Clearly, petitioner did not file his federal petition during the AEDPA grace period. It does not appear that he filed any other collateral attacks on his conviction either during the grace period or after the grace period expired. In short, petitioner's federal *habeas corpus* claims are manifestly and without doubt barred by the timeliness provisions of 28 U.S.C. §2244(d).

## 2. Equitable Tolling

Petitioner implies that he is entitled to equitable tolling because he was ignorant of the law and only recently discovered that he had the right to seek federal *habeas corpus* review. The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119

S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights. Further, equitable tolling is seldom available to litigants who sit on their rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 419, 125 S.Ct. 1807, 1815 (2005). As shown above, petitioner allowed ten years to elapse before he filed his first collateral attack. Thereafter, he allowed another 30 years to elapse before filing the instant petition.

Petitioner also implies that his default should be excused because he is "actually innocent" of the charges. [rec. doc. 1-3, p. 6] The Fifth Circuit Court of Appeals has determined that the one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for

5

a petitioner claiming actual innocence of the crimes for which they have been convicted. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). Further, the Fifth Circuit has held that a claim of actual innocence does not constitute a "rare and exceptional circumstance" so as to justify the application of equitable tolling to overcome the time bar of § 2244(d). *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

Nevertheless, in deference to the petitioner's plight, and in recognition that the interface between actual innocence claims and the application of the AEDPA remains a developing area of the law, the undersigned has reviewed his claim of actual innocence under the guidelines suggested by the United States Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 299, 327-28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In that case, the Supreme Court held that in order for a *habeas* petitioner to make a true showing of actual innocence he must (1) present new reliable evidence, (whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence); (2) that was not presented at trial; and (3) he must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. The undersigned has reviewed petitioner's pleadings, exhibits, and memorandum. He has presented no new reliable evidence. Instead, he merely argued – in a conclusory fashion – that he is actually innocent of the crime. In short, petitioner has offered no evidence to support his claim of actual innocence.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, July 15, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE